**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Scott Alan Miller, | ) | Civil Action No. 6:11-00141-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Scott Alan Miller ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Kevin F. McDonald, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 D.S.C.

On February 14, 2012, the Magistrate Judge issued a Report in which he concluded that the decision of the Commissioner should be reversed under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3), and the matter should be remanded to the Commissioner for the purpose of (1) further consideration of all of Plaintiff's "severe and non-severe impairments" in combination; (2) adequately explaining why the opinion of Mark Beale, M.D., a psychiatrist, was rejected regarding Plaintiff's chronic need for medication and the severe side effects thereof; and (3) further consideration of the opinion of Gregory W. Niemer, M.D., a rheumatologist, in regards to Plaintiff's subjective complaints of pain and fatigue. (ECF No. 21.) The Commissioner filed objections to the Report on March 1, 2012. (ECF No. 24.) For the reasons set forth below, the court **ACCEPTS** the Report of the Magistrate Judge and **REMANDS** the matter to the

1

Commissioner.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a 47 year old man, who suffers from inter alia residual pain secondary to bilateral heel fractures, degenerative disc disease, carpal tunnel syndrome, major depressive disorder, attention deficit disorder, and social phobia. (Tr. 15, 143.[1]) Plaintiff is a high school graduate and has past relevant work experience as a petroleum plant operator and a handyman. (Tr. 36, 212.) Plaintiff filed his most recent application for disability insurance benefits on October 16, 2007, alleging that he became unable to work on August 17, 2006. (Tr. 143.) The application was denied initially on February 25, 2008, upon reconsideration on June 6, 2008, and in a decision issued by the ALJ on March 11, 2010. (Tr. 71, 78, 13-25.) The ALJ found that Plaintiff was not disabled as defined by the Social Security Act and was therefore not entitled to disability insurance benefits. (Tr. 25.) In reaching this decision, the ALJ concluded that based on Plaintiff's age, education, work experience, and residual functional capacity, he was capable of performing work that exists in significant numbers in the national economy. (Id.)

The Appeals Council declined to review the decision of the ALJ and that decision became the "final decision" of the Commissioner on November 18, 2010. (Tr. 1.) On January 18, 2011, Plaintiff commenced this action to review the Commissioner's denial of benefits. (ECF No. 1.)

## II. LEGAL STANDARD AND ANALYSIS

**A.  Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation

---

[1] The Social Security Administrative Record was not filed by Commissioner. Therefore, citation will be to the pages in the transcript of the administrative record and not to the court's electronic case filing page numbers.

has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

"[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157-58.

**B.     The Commissioner's Objections**

The Commissioner contends that the ALJ did consider Plaintiff's combination of "severe and non-severe" impairments in the ALJ's residual functional capacity assessment at step five of the sequential evaluation. (ECF No. 24, p. 1.) Therefore, the Commissioner contends that Plaintiff failed to carry his burden of demonstrating he was harmed by any error with respect to the ALJ's consideration of his combination of impairments. (Id. at p. 3.) The Commissioner further contends that the opinions of Dr. Beale and Dr. Niemer factored into the ALJ's assessment of Plaintiff's residual functional capacity and his credibility rather than as independent limiting factors. (Id. at pp. 3, 4.) Based on the foregoing, the Commissioner asserts that the Magistrate Judge's Report "reflects a failure to consider the record as a whole." (Id. at p. 5 (citing Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)).) Therefore, the Commissioner asserts that there is substantial evidence of record to support his decision that Plaintiff did not meet the disability requirements of the Social Security Act. (ECF No. 24, p. 5.) Accordingly, the Commissioner urges the court to affirm his decision and to deny Plaintiff's appeal. (Id.)

Upon consideration of Commissioner's objections, the court finds that the Magistrate Judge performed a thorough analysis of the record, including his evaluation of the medical evidence, in reaching the conclusion that the matter should be remanded to the Commissioner for

the purpose of (1) further consideration of all of Plaintiff's "severe and non-severe impairments" in combination; (2) adequately explaining why the opinion of Dr. Beale was rejected regarding Plaintiff's chronic need for medication and the severe side effects thereof; and (3) further consideration of the opinion of Dr. Niemer in regards to Plaintiff's subjective complaints of pain and fatigue. Therefore, based upon the foregoing, the court finds that the Commissioner's objections to the Magistrate Judge's Report are without merit.

### III.  CONCLUSION

Upon careful consideration of the entire record, the court accepts the Magistrate Judge's Report incorporating it by reference, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and remands the case to the Commissioner for further proceedings consistent with this decision and the Magistrate Judge's Report.

**IT IS SO ORDERED**.

J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

March 28, 2012
Greenville, South Carolina